```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| CATHERINE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV118 |
| | ) | |
| v. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | MEMORANDUM AND ORDER |
| INSURANCE COMPANY, and | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff's complaint, originally filed in the District Court fo Douglas County, Nebraska, was timely removed to this court on the basis of diversity subject matter jurisdiction. See filing 1 (notice of removal) and attached state court pleadings and discovery.

The plaintiff alleges she is the owner of a disability income insurance policy issued by defendant Lincoln National Life Insurance company ("Lincoln National") on or about August 16, 1991. The plaintiff alleges she was injured in an automobile accident in November of 1992, was totally disabled for a period of time thereafter, and received total disability income benefits under the policy until August 1993. She further alleges that effective June 1999, she was unable to continue full-time teaching, her salary was reduced by 50%, and she applied for and began receiving residual disability benefits under the policy on April 7, 1999. She claims the residual disability benefit payments were discontinued in violation of the insurance contract on June 28, 2001, and seeks recovery of the contract benefits owed. She further seeks recovery in tort for her physical and mental pain and suffering resulting from the defendants' bad

faith denial of benefits.  The plaintiff alleges her disability benefits were denied when defendant Metlife began administering the claims, and the decision to discontinue residual disability benefits was unreasonable, demonstrates defendants' reckless indifference, was made in bad faith, and was motivated by profit. Filing 10 (Amended Complaint).  The defendants deny the plaintiff's claims.  See filing 13 (answer).

The plaintiff's pending motion to compel requests an order requiring the defendant to provide the following information:

- A listing of prior lawsuits by or against the defendants, (Interrogatory 6), and any lawsuits filed against either defendant arising out of a denial of benefits by MetLife after initial approval by Lincoln National (Interrogatory No. 11);

- The number of claims in which:

    1)  Individuals were awarded disability benefits by Lincoln National for each of three years prior to November 1999 (when MetLife became the acting Administrative Agent) (Interrogatory No. 8); and

    2)  Individuals were initially awarded disability benefits by Lincoln National and then denied benefits by MetLife from November 1999 to present (Interrogatory No. 9);

- The amount of all payments made by Lincoln National to MetLife since MetLife became the acting administrative agent and the method of calculating such payment amounts (Interrogatory No. 10), documents reflecting such payments and calculations (Request 7), and any documents evidencing the contract and monetary agreement entered into between these defendants (Requests 4 and 5);

- Any written documents describing the defendants' procedures for interpreting the residual disability provisions contained in the plaintiff's policy (Request No. 9).

As evidenced by the arguments advanced in the parties' briefs on the motion to compel, these discovery requests are focused on the plaintiff's bad faith claim; specifically, her attempt to prove the defendants unreasonably and recklessly discontinued her benefits for the sake of profit. In their answer and as part of the Rule 26(f) planning report, the defendants have asked the court to sever and abate all proceedings on plaintiff's bad faith claim until a decision is entered on the breach of contract action. The defendants allege they "would be prejudiced if the Court were to permit Plaintiff's bad faith claim to proceed prior to a determination of Plaintiff's breach of contract claim." See filing 11 (Rule 26(f) Report of Parties' Planning Conference) at 5-6 and filing 13 (answer) ¶ 21. The defendants have not, however, filed a motion to bifurcate the breach of contract claim from the bad faith claim for the purposes of discovery and/or trial. Trial of the entire case has been tentatively set for the month of December 2005. Filing 12.

A ruling on the bifurcation issue may impact or moot the pending motion to compel. To assure both a just and expeditious determination of the merits of this case and the pending motion to compel, I shall order the parties to submit briefs and evidence, if any, on the bifurcation issue raised by the defendants before addressing the motion to compel.

IT THEREFORE HEREBY IS ORDERED:
1. On or before September 23, 2005, both parties shall file a brief and any evidence for the court to consider on the issue of bifurcating the trial on the breach of contract claim from trial on the bad faith claim, and

3

      whether discovery on the bad faith claim should be stayed pending a determination on the contract claim;

2. Any responsive briefs shall be filed on or before September 30, 2005; and

3. Reply briefs shall not be filed except upon leave of the court for good cause shown.

DATED this 14th day of September, 2005.

                        BY THE COURT:

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge