IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CATHERINE BROOKS,                    )
                                     )
              Plaintiff,             )          8:05CV118
                                     )
         v.                          )
                                     )
THE LINCOLN NATIONAL LIFE            )     MEMORANDUM AND ORDER
INSURANCE COMPANY, and               )
METROPOLITAN LIFE INSURANCE          )
COMPANY,                             )
                                     )
              Defendants.            )
                                     )

        Pending before me is the plaintiff's motion to compel,
filing 22, and the defendants' request to sever the bad faith
claim from the breach of contract claim for the purposes of trial
and discovery.  See Answer (filing 13, ¶ 21) and Rule 26(f)
Planning Report (filing 11 at p. 5-6).

        As previously explained in my filing 36 memorandum and
order, the plaintiff claims she is entitled to recover residual
disability benefits under a policy of insurance, and that she had
received such benefits until MetLife began administering the
policy for Lincoln National.  She claims MetLife's decision to
discontinue such benefits:  1) violated her insurance contract
with Lincoln National resulting in contract damages, and 2) was
unreasonable, recklessly indifferent to the plaintiff's contract
rights, financially motivated, and caused physical and mental
pain and suffering.

        The discovery requests at issue on the plaintiffs' motion to
compel are aimed at determining whether disability claims
previously paid by Lincoln National have since been denied under
MetLife's administration of the policy; whether the defendants

have been sued by others over MetLife's decision to discontinue disability benefits; and whether the contract between MetLife and Lincoln National affords MetLife a financial incentive to discontinue disability payments to Lincoln National policyholders.  The discovery requests also ask the defendants to provide any written documents describing the defendants' procedures for interpreting the residual disability provisions contained in the plaintiff's policy.

The defendants request an order bifurcating the breach of contract claim from the plaintiff's bad faith claim for the purposes of both trial and discovery.  The defendants advance the following arguments in support of their motion to bifurcate the trial and discovery in this case:  1) the bad faith claim does not accrue and therefore cannot proceed until the plaintiff prevails on the breach of contract claim; 2) if the contract was not breached, there is no basis for its claim of bad faith "even in the face of the worst, most neglectful claim process imaginable," (filing 39 (defendants' brief) at p. 7); 3) a joint trial presents the risk that a jury will consider irrelevant and prejudicial information on the contract claim (e.g. defendants' financial motivation for denying benefits), which is relevant and admissible, if at all, only with regard to the bad faith claim; and 4) staying discovery and trial on the bad faith claim will preserve the court's judicial resources by potentially avoiding trial of the bad faith claim altogether, or at the least, the time required to assess and resolve the foreseeable discovery disputes (e.g. discovery of profit margins, claims processing methods, and otherwise claimed confidential information) that arise in bad faith cases.  See filing 39 (defendants' brief).

2

The plaintiff claims bifurcation should be permitted only in exceptional circumstances; separate trials will not serve to avoid jury confusion, reach an expeditious result, or conserve the court's resources; the plaintiff will be prejudiced by the cost (duplicative depositions of lay and expert witnesses) and delay associated with severing the trial and staying discovery on the bad faith claim; the evidence on the contract and bad faith claims overlaps; and even if two trials are ordered, discovery on the bad faith claim should not be stayed.

Under Rule 42(b) of the Federal Rules, the court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue . . ." F.R.C.P 42(b). Accordingly, a party seeking severance has the burden of proving that separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party.

Bifurcation may be appropriate in insurance litigation when the insured plaintiff has jointly pleaded tort allegations of bad faith with contract claims for coverage under the insurance policy. A separate trial on the coverage and bad faith claims may be justified where the evidence relevant to the bad faith trial could be prejudicial in the coverage litigation. See e.g. O'Malley v. United States Fidelity and Guar. Co., 776 F.2d 494, 501 (5th Cir. 1985); Aetna Casualty & Sur. Co. v. Nationwide Mut. Ins. Co., 734 F. Supp. 204, 208 (W.D. Pa. 1989); Schmidt v. California State Auto. Ass'n, 127 F.R.D. 182 (D. Nev. 1989) Kurkierewicz v. Loewen, 109 F.R.D. 601 (D. Mont. 1986). In insurance coverage suits, bad-faith claims against the insurer

generally depend on the outcome of contractual coverage claims
and the contract and bad faith claims are often severed.  South
Hampton Refining Co. v. National Union Fire Ins. Co., 875 F.
Supp. 382 (D. C. Tex. 1995).  However, bifurcation is not always
necessary or justified, (see e.g. Athey v. Farmers Ins. Exchange,
234 F.3d 357, 362 (8th Cir. 2000), and the determination must be
made on case-by-case basis.

I have evaluated the facts of this case as set forth in the
parties' pleadings and discovery issues raised by the plaintiff's
motion to compel.  The defendant admits the plaintiff owns a
Lincoln National disability policy, paid premiums on the policy,
received disability benefits under the policy and, beginning in
June 2001, those disability benefit payments were discontinued.
See filing 13 (Answer).  Based on the parties' pleadings and
their Rule 26(f) Report, the disputed issues on plaintiff's claim
for breach of contract include whether the plaintiff's condition
is a compensable disability under the terms of the policy, and if
so, how much the plaintiff is owed under the contract.  The
plaintiff's contract claim will therefore be based on evidence of
the policy terms governing coverage and the calculation of
benefits owed; the plaintiff's physical condition and medical
history; the duties of her employment as a law professor; the
scope of her alleged disability from performing those duties; and
perhaps, depending on the policy terms, the plaintiff's loss of
income arising from the disability.  The primary witnesses to
prove these issues include the plaintiff, her medical providers,
her employer, and any other person, including those called by the
defendant, who is competent to testify as to the nature and
extent of plaintiff's alleged disability.  The defendants'
motivation in denying or discontinuing coverage is irrelevant on
the breach of contract claim.

4

In contrast, the plaintiff's bad faith claim asserts the defendants, without any reasonable justification, discontinued the plaintiff's disability benefits to promote their own financial gain.  "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim...." Braesch v. Union Ins. Co., 237 Neb. 44, 57, 464 N.W.2d 769, 777 (1991).  The plaintiff's allegations of bad faith and her discovery requests reflect that the plaintiff intends to present evidence of the contractual relationship between MetLife and Lincoln National; changes in policy administration and claim payment philosophy which were introduced by MetLife, and which disfavored policyholders and resulted in discontinuing disability benefits for the plaintiff and possibly others; and that the decision to discontinue paying disability benefits was motivated by an underlying desire to save money and not a reasonable and honest evaluation of the plaintiff's claim.  In addition to the documentary evidence sought in discovery, proving or disproving the plaintiff's bad faith allegations rests on testimonial evidence from defendants' employees, and possibly expert witnesses, concerning whether claims were discontinued to increase the defendants' bottom lime at the plaintiff's expense. The plaintiff's claim for damages to compensate for her emotional distress and physical suffering caused by defendants' bad faith rests primarily on the same witnesses needed to prove (or disprove) the breach of contract claim; that is, the plaintiff, medical providers, plaintiff's employer, and others competent to testify concerning how the plaintiff is coping with the defendant's failure to pay her claim.

There is some overlap in the witnesses who can provide evidence on the contract and bad faith claims, and such circumstances can raise the costs of litigation and the inconvenience to witnesses and parties.  I also recognize that bifurcating this case for trial may delay the plaintiff's ability to recover for defendants' alleged bad faith.  However, the court's paramount concern is that all parties be afforded a fair and just trial.  To decide whether bifurcation of a trial is appropriate, the court must evaluate the parties' claims and defenses and determine whether "both parties, using different triers of fact, could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results." Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,  704 F.2d 1038, 1042 (8th Cir. 1983).  The trial court has considerable discretion in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced.  Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202, 1209 (8th Cir. 1995).

A joint trial of the issues raised by the plaintiff's bad faith claim may prejudice the defendants' trial on the contract claim.  There is serious risk that evidence of the defendants' alleged unreasonable, reckless, and financially motivated misconduct toward a disabled person will become the focus of the jury's deliberative process and thought, and will remain so when it decides the pivotal issue of whether the defendants breached the insurance contract.  Jury instructions may help to alleviate this risk, but under the facts of this case, I conclude that even with such instructions, a substantial risk of prejudice to the defendants remains.  Introducing wholly irrelevant and highly prejudicial information during the course of an otherwise straightforward contract dispute, and then instructing the jury

6

to disregard such evidence until the breach of contract issue is resolved, may confuse the jury.  Morever, I conclude that unless the claims are severed for trial, and despite jury instructions to the contrary, there is a substantial danger that the verdict on the contract claim will be motivated by sympathy for the plaintiff and a desire to punish the defendants rather than a fair assessment of those facts relevant to deciding whether the defendants breached the contract.

The plaintiff claims that severing the trial will prejudice her rights in that she will incur additional trial costs and economic hardship while she awaits a damage award.  I note, however, that preparing for the contract trial alone should take less time, could result in an earlier trial on that issue and, should the defendants prevail on the contract action, neither the parties nor the court will need to invest resources into pursuing the bad faith claim.  If the plaintiff prevails on the contract claim, she will be awarded her contract damages--the amount she would have received had the contract not been breached--and this award may well prompt a settlement of the remaining bad faith claim without the plaintiff ever having to incur the cost of that trial.  Finally, unlike a case where the issues of liability and damages are severed for trial, the only damage recovery delayed by severing the plaintiff's contract and bad faith claims is plaintiff's recovery for pain and suffering and emotional distress.[1]  Such non-economic damages were presumably never the basis of plaintiff's livelihood.

---

[1]The plaintiff has not alleged that she incurred economic damages, e.g. medical expenses or lost wages, as a result of the defendants' bad faith.

For substantially the same reasons, I also conclude that subject to any mutual agreement the parties may reach, discovery on the bad faith claim should be stayed pending the outcome of the contract claim.  Investing substantial time and resources in discovering the defendants' profit motivation in discontinuing the plaintiff's disability payments, or whether the decision to discontinue the plaintiff's disability payments was part of some overall contractual agreement between the defendants to enhance each of their profits, will likely create many complicated discovery battles, the need for protective orders, delays in the parties' preparation of the contract action, and potentially delay the plaintiff's recovery on the contract case.

I recognize that some of the witnesses, particularly medical witnesses and those associated with the plaintiff's employer, may have information relevant to both the contract and bad faith claims, and that deposing these witnesses twice results in additional discovery costs.  However, my order staying the discovery on the bad faith claim will permit the parties to nonetheless perform such discovery by mutual agreement as the circumstances may warrant.  To the extent that the parties can, by mutual agreement, conduct joint discovery on the contract and bad faith claims and thereby secure a more economical and expeditious resolution, by trial or settlement, of this entire case, I encourage them to do so.

As my filing 36 memorandum and order explained, the discovery requests at issue on plaintiff's motion to compel relate to the plaintiff's bad faith claim.  Specifically, I noted that "[a]s evidenced by the arguments advanced in the parties' briefs on the motion to compel, these discovery requests are focused on the plaintiff's bad faith claim, specifically, her

8

attempt to prove the defendants unreasonably and recklessly discontinued her benefits for the sake of profit." Filing 36 (memorandum and order) at p.3. Since I conclude that discovery on the bad faith claim should be stayed, I shall deny the plaintiff's motion to compel without prejudice to re-filing as needed after resolution of the contract claim.

Finally, the plaintiff claims she will be prejudiced by the delay resulting from a bifurcated trial. The trial is currently scheduled for June 19, 2006. Depending on the availability of the parties and the court, a earlier date for trial of the contract claim alone may be available. I shall therefore schedule a telephonic conference with the parties to investigate this option and the scheduled progression of the contract claim.

IT THEREFORE HEREBY IS ORDERED:

1.   Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, this case is severed for trial. The plaintiff's contract claim and her tort claim for insurance bad faith shall be tried separately, with the contract claim tried first.

2.   Subject to any mutual agreement between the parties to the contrary, discovery on the insurance bad faith claim is stayed pending resolution of the contract claim.

3.   The plaintiff's motion to compel, filing 22, is denied without prejudice to re-filing as needed after resolution of the contract claim.

4.   A telephone conference with the undersigned magistrate judge will be held on November 2, 2005 at 11:30 a.m. for the purpose of reviewing the preparation of the contract claim to date and the scheduling of the case to trial. Prior to the conference, counsel for the parties shall have conferred regarding completing the depositions of expert witnesses and other remaining discovery, the filing of motions for summary judgment,

9

any other matters which may influence the setting of
the contract claims for trial.  Counsel for the
plaintiff shall place the call.


DATED this 26th day of October, 2005.

                         BY THE COURT:

                         s/ David L. Piester
                         David L. Piester
                         United States Magistrate Judge

10