IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE BROOKS, ) | |
| ) | |
| Plaintiff, ) | 8:05CV118 |
| ) | |
| v. ) | |
| ) | |
| THE LINCOLN NATIONAL LIFE ) | MEMORANDUM AND ORDER |
| INSURANCE COMPANY, and ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff's complaint alleges she was injured in an automobile accident in November 1992, and beginning in June 1999, she was unable to continue full-time teaching. She alleges she applied for and began receiving residual disability benefits under an insurance policy on April 7, 1999, but these benefits were discontinued in violation of that insurance contract on June 28, 2001. She seeks recovery for breach of contract and bad faith denial of insurance benefits. Filing 10 (Amended Complaint). The contract and bad faith claims have been bifurcated for trial. Filing 44 (Memorandum and Order).

The plaintiff has filed a motion to compel the deposition of Freda Powell, a current employee of defendant MetLife who works and resides in Florida. The defendants object to this deposition.[1] The defendants argue that the cost and expense of taking a deposition in Florida, or of having Ms. Powell travel to

---

[1] No notice of deposition has been served, and therefore the defendants have not filed a motion for protective order or to quash the noticed deposition. For the purposes of obtaining an expeditious ruling, the parties have agreed to submit this dispute to the court on plaintiff's motion to compel.

Nebraska to be deposed, is wholly unwarranted because Ms. Powell was not involved in any aspect of the disability claim at issue in this case, and any information she may possess is irrelevant and not likely to lead to the discovery of relevant information.

On January 11, 1993, the plaintiff filed a proof of loss and claimed she was unable to work due to right knee, lower back, pelvic area, upper back, and neck injuries arising from a November 19, 1992 automobile accident. Filing 143, ex. 1 (Proof of Loss). Ms. Powell was the claims consultant who managed that claim. Defendant Lincoln National concluded the plaintiff was physically disabled and entitled to disability coverage, and she received disability benefits from that company until September 1993. Filing 143, ex. 1, at p. 8-9. The plaintiff does not allege that the insurance contract was breached when Lincoln National discontinued plaintiff's disability payments in 1993.

The plaintiff filed a second disability claim against the policy on December 29, 1998. The defendants' decision to begin and then stop making payments on this claim provides the basis for the pending complaint. Unlike the plaintiff's 1992-93 disability claim, the 1998 claim alleges disability due to a closed head injury and post concussive trauma syndrome arising from the November 1992 automobile accident. Filing 143, ex. 1, at p. 9-10. The record before me contains no evidence that either the plaintiff or Ms. Powell was aware of or considered neurological problems, cognitive deficits, or a closed head injury as a basis for concluding the plaintiff was disabled in 1992-93.

The plaintiff argues that although Ms. Powell handled plaintiff's 1992-93 claim and was not involved in any aspect of

the 1998 claim process, her testimony is nonetheless relevant to establish the parties' past "course of dealings," which is "always relevant" in a contract dispute.  Filing 136, ex. 5.

> Plaintiff should be allowed to clarify through the depositions the reasons why the Plaintiff was initially approved for disability benefits in 1992-1993 and in 1999 and the reasons why the Defendants subsequently discontinued her disability benefits in 2001.  The Plaintiff's approval and subsequent denial of disability benefits are relevant in this matter since it involved the parties' course of dealings which preceded the breach of contract alleged by Plaintiff.

Filing 135 (Plaintiff's brief), p. 5.

I disagree.  While the scope of discovery is broad, it cannot reasonably be stretched to encompass the deposition of a claim consultant who approved the plaintiff's receipt of disability benefits during a nine-month period over thirteen years ago.  The claim in this case involves cognitive injuries, not the physical injuries at issue in 1992-93.  Though the plaintiff alleges Ms. Powell's testimony may shed light on the established "course of dealing" between the parties, from the record before me, it appears the plaintiff's contacts with Ms. Powell involved an isolated claim for temporary disability benefits.  There is no showing that the plaintiff and defendants interacted at all between 1993 and 1998 with respect to any claim of disability.  This six-year gap undermines any argument that a "course of dealing" existed, much less that Ms. Powell's method of handling a claim for benefits while plaintiff's physical injuries were healing in 1993 could tend to prove any anticipated "course of dealing" between the parties regarding plaintiff's 1998 disability claim arising from alleged cognitive deficits.  I conclude the deposition testimony of Ms. Freda Powell is irrelevant to the pending case.

IT THEREFORE HEREBY IS ORDERED:  The plaintiff's motion to compel, filing 134, is denied.

DATED this 8th day of November, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4